IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NEXXT HOLDING, INC. | § |
| | §   CIVIL ACTION NO.  4:20-cv-00817 |
| | § |
| V. | § |
| | §   (District Court of Harris County, Texas |
| | §   333rd Judicial District, |
| | §   Cause No. 2019-62927) |
| TRAVELERS CASUALTY | § |
| INSURANCE COMPANY OF AMERICA | § |

## NOTICE OF REMOVAL

Defendant Travelers Casualty Insurance Company of America ("Travelers") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Nexxt Holding, Inc. v. Travelers Casualty Insurance Company of America*, Cause No. 2019-62927, on the docket of the 333rd Judicial District Court of Harris County, Texas.  In support of this Notice of Removal, Travelers respectfully represents the following:

1. On September 4, 2019, Plaintiff Nexxt Holding, Inc. filed Plaintiff's Original Petition ("Original Petition") for Breach of Contract, Violations of the Texas DTPA and Tie-In Statutes, Violations of Texas Insurance Code, and Breach of the Common Law Duty of Good Faith and Fair Dealing. [1]

2. The Original Petition (the "Original Complaint") alleged that Travelers Registered Agent for Service was "CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201."[2]

3. A return of service was filed in this matter on December 4, 2019, showing that the

---

[1] Exhibit A, Plaintiff's Original Petition, ¶17-39.
[2] Id. at ¶ 4.

Original Complaint had been delivered via certified mail on September 16, 2019 to CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.[3]

4. The Original Complaint was not served on Travelers because CT Corporation System is not a registered agent for service of Travelers.[4] Failure to identify the properly named agent for service and failure to serve the correct person renders service invalid. *See Cannedy v. Wells Fargo Bank, N.A.*, 2017 WL 4211050, at 4 (E.D. Tex. Sept. 5, 2017).

5. Plaintiff filed its First Amended Petition (the "First Amended Complaint") on February 5, 2020.[5]

6. The First Amended Complaint properly alleges that Travelers may be served through its "Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701."[6]

7. The First Amended Complaint was properly served on Travelers, through its Registered Agent.[7] Service was effectuated on February 12, 2020.[8] The thirty-day removal window commences on the date which the defendant is formally served with process. *Cannedy v. Wells Fargo*, 2017 WL 4211050, at 2.

8. Travelers requested certified copies of all process, pleadings, and orders from the Harris County District Clerk. Travelers has attached the certified copies as Exhibit "E" to this Notice of Removal.

9. The First Amended Complaint alleges that Plaintiff's principal office is located in Houston, TX.[9] It also alleges that Plaintiff's property that was allegedly damaged is located at 106

---

[3] Exhibit B, Plaintiff's Return of Service, dated. December 4, 2019.
[4] Exhibit C, Affidavit of Sharon Brooks, at ¶4.
[5] Exhibit D, Plaintiff's First Amended Petition.
[6] Ex. D, at ¶4.
[7] Ex. C, at ¶3.
[8] Ex. D, at pg. 1.
[9] Ex. D, at ¶3.

West Gray Street, Houston, TX 77019.[10] The First Amended Petition further alleges that Travelers is a foreign corporation.[11] Defendant, Travelers is a Connecticut corporation whose principal place of business is in the state of Connecticut.

10. This Notice of Removal is filed within 30 days of service of the First Amended Complaint and is therefore timely under 28 U.S.C. Section 1446(b).

11. Defendant does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Defendant expressly denies that it has any liability to Plaintiff.

### **DIVERSITY JURISDICTION**

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of Texas. Travelers is a citizen of Connecticut. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).

12. The First Amended Complaint indicates that Plaintiff seeks monetary relief of over $200,000 but more than $1,000,000.00.[12]

13. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of University of Tex. Sys. V. Nippon Tel. & Tel. Corp.,* 478 F. 3d 274, 278 (5th Cir. 2007). Travelers was served on February 20, 2020.

14. Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiff is a citizen of Texas.[13] Travelers is a citizen of Connecticut. Additionally, the

---

[10] Ex. D, at ¶6.
[11] Ex. D, at ¶4.
[12] Ex. D, at ¶44.
[13] Ex. A at ¶4.

amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-515 (7th Cir. 2006).

15. Venue is proper in this district court under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

16. Plaintiff did demand a jury in the state-court suit.

17. There is complete diversity among the parties, and the amount in controversy exceeds $75,000.00. For these reasons, defendant asks the Court to remove the suit to the United States District Court, Southern District, Houston Division.

## **REMOVAL PROCEDURE**

18. Travelers has provided the clerk of the 333rd Judicial District Court of Harris County, Texas with notice of this removal.

19. Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this Notice of Removal:

    a. All executed process in the case;

    b. Pleadings asserting causes of action and all answers to such pleadings;

    c. An index of matters being filed; and

    d. A list of all counsel of record, including addresses, telephone numbers and parties represented.

WHEREFORE, Travelers provides notice that this action is duly removed.

[signature on following page]

Respectfully submitted,

*/s/ Christine R. Edwards*
Christine R. Edwards
FBN. 3272073
TBN. 24107329
cedwards@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE FOR
DEFENDANT, TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA

OF COUNSEL:

LaDonna G. Schexnyder
Texas Bar No. 24072938
Federal ID No. 1096795
lschexnyder@lawla.com
Lugbenbuhl, Wheaton, Peck, Rankin & Hubbard
A Law Corporation
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 6th day of March 2020 to:

C. Bryan Beverly
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
bryan@vosslawfirm.com

*/s/ Christine R. Edwards*
Christine R. Edwards