United States District Court
Southern District of Texas

**ENTERED**

September 24, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NEXXT HOLDING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-817 |
| | § | |
| TRAVELERS CAS. INS. CO. OF AM., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Houston's storms give rise to first-party property insurance claims, and, often, disputes over those claims.  Nexxt Holding, Inc. sued Travelers Casualty Insurance Company of America in state court in 2020, alleging that Travelers failed to pay repair costs due under the insurance policy after an August 2017 storm.  (Docket Entry Nos. 1-4 at 4, 1-5).  Nexxt Holding asserted Texas statutory and common-law claims and sought actual, consequential, and statutory damages, as well as attorneys' fees.  (Docket Entry Nos. 1-4 at 4, 1-5).  Travelers answered and filed a verified plea of lack of presuit notice under Texas Insurance Code 542A.003.  (Docket Entry No. 1-5 at 39).  Travelers timely removed and filed another verified plea of lack of presuit notice.  (Docket Entry Nos. 1, 2).

Texas Insurance Code 542A.007(d) states that, if an insured plaintiff asserts a first-party claim for storm damage against its property insurer and the defendant insurer "pleads and proves" that it  "was entitled to but was not given a presuit notice stating the specific amount alleged to be owed . . .  under Section 542A.003(b)(2) at least 61 days before the date the action was filed . . . the court may not award to the [plaintiff] any attorney's fees incurred after the date the defendant files the pleading with the court."

Travelers moves for an order barring Nexxt Holding from recovering fees in this action because Travelers was entitled to, but was not given, the statutory presuit notice.  (Docket Entry No. 5).  Travelers presented competent evidence that it was entitled to the notice, did not receive it, and timely filed a verified pleading asserting the lack of notice. (Docket Entry No. 5, Exhibits 1, 2).

Nexxt Holding filed a verified response in opposition to the verified plea.  (Docket Entry No. 6).  Nexxt Holding asserts that an exception to the presuit notice requirement applies.  (Docket Entry No. 6 at 15).  That exception provides that presuit notice is not required "if giving notice is impracticable because . . . the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire." Tex. Ins. Code 542A.003(d)(1)).  Nexxt Holding asserts that its counsel conducted "a conservative calculation of the relevant statute of limitations period," which led to the determination that it was possible that the limitations period could end between August 18 and September 4, 2019.  (Docket Entry No. 6 at 15).  Nexxt Holding asserts that its September 4, 2019, filing was premised on a reasonable belief that there was insufficient time to send presuit notice before the limitations period expired.

"'The statute of limitations under Texas law for claims under the Texas Insurance Code and claims for bad faith is two years from the date' that the 'coverage under the Policy was denied.'" *Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, No. 3:19-CV-01645-S, 2019 WL 7187249, at *2 (N.D. Tex. Dec. 23, 2019) (quoting *J.P. Columbus Warehousing Inc. v. United Fire & Cas.* Co., Civ. A. No. 5:18-cv-00100, 2019 WL 453378, at *2 (S. D, Tex. Jan. 4, 2019)).  The statute of limitations for a Texas breach-of-contract claim is four years.  *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002) (citing Tex. Civ. Prac. & Rem. Code 16.051).  At the earliest, Travelers denied coverage and breached the insurance contract on October 17, 2017.  (Docket

Entry No. 5-1 at 11–12).  The statutory claim statute of limitations would expire on October 17, 2019.  Nexxt Holding hired legal counsel on July 11, 2019, over 90 days before October 17. (Docket Entry No. 6 at 2).  Nexxt Holding's counsel contacted Travelers on August 7, 2019, over 70 days before October 17.  (Docket Entry No. 5-1 at 20).  Nexxt Holding had ample time to submit a presuit notice to Travelers.  Its assertion of a calculation error is insufficient under Section 542A.003(d)(1).  *See Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.,* No. 3:20-CV-00147-G, 2020 WL 4284710, at *8 (N.D. Tex. July 27, 2020) ("A finding of impracticability . . . ought to be reserved for those instances in which presuit notice genuinely cannot be provided.").

The court finds the record sufficient to meet Travelers's burden to plead and prove the basis to preclude an award of attorneys' fees to Nexxt Holding. The motion, (Docket Entry No. 5), is granted.

SIGNED on September 24, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge